

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr.
Acting Director
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-3917
Re: Authority of Board of Trustees to require certain amount of teaching during 1937-38 as a requisite to establishment of prior services credit.

In your letter of August 21, 1941, you submit to us the following facts and questions for our opinion, to-wit:

"The Board of Trustees of the Teacher Retirement System has requested me to secure an opinion from you in regard to the authority and limitations of the Board of Trustees in approving or denying applications for service retirement allowances of teachers whose service in the public schools of Texas in the 1937-38 school year was not of sufficient extent to classify such service as a creditable year of service according to regulations of the Board of Trustees of the Teacher Retirement System.

"According to Section 5 of the Teacher Retirement Law, a member, among other requirements, must have completed twenty or more years of creditable service before being eligible for service retirement benefits. In order for a person at the present time to have twenty or more years of creditable service, it is obvious that such person must have established credit for prior service. In connection with the establishment of prior service credit, I wish to refer you to Section 4 of the Teacher Retirement Law and certain rulings passed by the Board of Trustees of the Teacher Retirement System. I am

attaching hereto a copy of a letter written to the Attorney General under date of November 12, 1937, requesting the opinion of the Attorney General concerning such rulings passed by the Board of Trustees and a copy of the Attorney General's opinion given under date of December 14, 1937. You will observe that rulings #3 and #7 relate specifically to the manner in which credit for prior service may be established.

"In regard to the requirements as to the extent and nature of service required in a school year in order for such service to be considered as a creditable year of service, the Teacher Retirement System has considered the following regulations as minimum requirements:

"A teacher shall be credited with having taught a school year if he has taught a minimum of 4½ months on a salary basis, except a teacher in a school whose full school year does not amount to 4½ months, who will be credited with having taught a school year if he teaches for the full time that said school is in session for the school year.

"A full-time teacher shall mean the teacher whose regular salaried compensation for service rendered as a teacher equals or exceeds his regular salaried compensation for any other service that might be rendered in other vocations while said person is engaged in teaching. It is further provided that student assistants and people teaching in higher educational institutions on a scholarship shall not be considered full-time teachers. Teachers in a night school on an hourly basis does not constitute eligibility for membership.

"The Retirement System now has a number of teachers who are applying for a service retirement allowance who did not render service

in the 1937-38 school year to the extent required
for such service in such year to have been con-
sidered a creditable year of service. The em-
ployers of such persons in 1937-38 deducted five
per cent of the salary which was paid to such
persons and remitted such deductions to the
Teacher Retirement System. The Teacher Retire-
ment System accepted such five per cent contri-
butions of such persons, opened accounts, as-
signed membership numbers, and credited such
contributions received to the accounts of such
persons.

"I would like to have your opinion include
answers to the following questions:

"1.  Would the Board of Trustees be
carrying out the intent of the Retirement
Law and would it be legally proper if the
Board ruled that a person had not estab-
lished credit for prior service unless such
person rendered service in 1937-38 to the
extent required for such service to be con-
sidered as a creditable year of service?

"2.  Would the Board of Trustees be
carrying out the intent of the Retirement
Law and would it be legally proper if the
Board ruled that a person who actually ren-
dered service as a teacher in the 1937-38
school year to an extent less than the ex-
tent required for such service to be con-
sidered as a creditable year of service had
established credit for prior service even
though such person's service in 1937-38 was
not considered a creditable year of ser-
vice?

"3.  In the event your answer to Ques-
tion #2 is 'yes', is it within the powers
of the Board of Trustees to set a minimum
extent of service in 1937-38 which must
have been rendered by a person before such
person will be granted credit for prior
service?

"4.  If your answer to Question #3 is
'yes', would it be reasonable for the Board
to rule that a person who actually render-
ed service as a teacher for at least one
month in 1937-38 would be granted credit
for prior service?"

On November 7, 1937, the Board adopted certain rulings
including Nos. 3 and 7 reading as follows:

"3.  It was moved by Mr. Mills that a teacher
in order to establish credit for prior-service
must fall within one of the three following class-
ifications:

"(a) Anyone who has taught in the State
prior to the establishment of the System,
but who is not teaching during the school
year 1937-38 shall, if he secures employ-
ment before July 1, 1939 and if he contin-
ues teaching for a period of five (5) con-
secutive years be entitled to receive cre-
dit for prior-service.

"(b) Anyone who is a member at the
beginning of the school year 1937-38, i.e.,
anyone who is regularly employed as a teach-
er at the beginning of the school year 1937-
38 and who begins contributing and pays his
membership fee to the System for his first
compensation for the year, regardless of
when he was last employed as a teacher in
Texas shall be entitled to receive credit
for prior-service.

"(c) Anyone who was a teacher at any
time during the school year 1936-37 and who
becomes a member during the school year 1937-
38 shall be entitled to receive credit for
prior-service.  (Notice that is modified by
No. 7)

"Motion was seconded by Miss Woods and car-
ried."

"7.   Mr. Mills moved that a person who taught for at least 4½ months or the full school term during the last school year could establish his prior-service credit if he taught for any length of time during the school year 1937-38 at a regular salary on full-time employment and made membership contributions.  Motion was seconded by Miss Woods and carried."

The Teacher Retirement Act of Texas may be cited as Article 2922-1, Vernon's Annotated Civil Statutes.  Secs. 3(1), 3(2), 3(5), 4(1),4(2) and 4(3) thereof read as follows:

"Sec. 3. . . . .

"(1)  All persons who are teachers on the date as of which the Retirement System is established shall become members as of that date as a condition of their employment unless within a period of ninety (90) days after September 1, 1937, any such teacher shall file with the State Board of Trustees on a form prescribed by such Board, a notice of his election not to be covered in the membership of the System and a duly executed waiver of all present and prospective benefits which would otherwise inure to him on account of his participation in the Retirement System.

"(2)  Beginning September 1, 1938, and thereafter any teacher teaching for the first time in Texas shall become a member of the Retirement System as a condition of his employment.

". . . .

"(5)  Anyone who has taught in the State of Texas in accordance with the terms of this Act, but who is not in service during the year in which the Act becomes effective, shall, if he becomes a teacher within two (2) years of the date on which this Act becomes effective, and if he continues as such for a period of five (5) consecutive years, be entitled to receive credit and resulting benefits for prior-service as provided for in this Act."

"Sec. 4.

"(1) Under such rules and regulations as the State Board of Trustees shall adopt each person who was a teacher, as defined in this Act, at any time during the year immediately preceding the establishment of the System, and who becomes a member during the first year of operation of the Retirement System, or who is a member at the beginning of the school year 1937-38, shall file a detailed statement of all Texas service, as a teacher, rendered by him prior to the date of establishment of the Retirement System for which he claims credit.

"(2) The State Board of Trustees shall fix and determine by appropriate rules and regulations how much service in any year is equivalent to one year of service, but in no case shall more than one year of service be creditable for all service in one school year.

"(3) Subject to the above restrictions and to such other rules and regulations as the State Board of Trustees may adopt, the State Board of Trustees shall verify and adjust, as soon as practicable after the filing of such statements of service, the service therein claimed.

". . . ."

In making its rules and regulations and in issuing or withholding prior-service certificates, the State Board of Trustees must stay within the boundaries fixed by the statute. While a reading of Section 4(1) by itself might indicate that it deals only with the question of filing the statement, we think it rather clear that when read in connection with other parts of the Act this section also deals with the fundamental question of what facts entitle a man to credit for prior-service. If he was a teacher at any time during 1936-37 and became a member during 1937-38, or was a member at the beginning of the school year 1937-38, he became entitled to credit for prior service. We are of the opinion that it was possible as a matter of law for a man to become a member during 1937-38 without actually teaching as much as four and a half months. Also we

believe that a man might have been a member at the beginning of 1937-38 and not have taught four and a half months during that year. In other words, by requiring four and a half months of teaching in 1937-38 would be imposing a burden heavier than contemplated by statute. On this phase of the question the Board may inquire only (1) whether he became a member during 1937-38, or (2) whether he was a member at the beginning of the school year 1937-38. However, a "member" must be a teacher as defined in Section 1(3), and a certain amount of actual teaching may be required to be shown in establishing a person as being a teacher. But, no more actual teaching can be required to be shown than would tend reasonably to lend credence to the claim that such person was a bona fide teacher at the beginning of 1937-38 or for some time during the year. There is no relationship between the amount of actual teaching necessary to constitute a year's creditable service and the amount which must have been rendered in 1937-38 to establish credit for prior service.

Your first question is therefore answered in the negative and your second in the affirmative.

Your third question is answered in the affirmative. However, the time so fixed as the minimum in our opinion must be of short duration. In reply to your fourth question, we are inclined to the belief that if a person should establish that he held a contract to teach the year 1937-38 and embarked upon his service, but was forced to quit because of some illness, such as tuberculosis, ten days after commencing to teach, he could claim credit for prior service. Hence, we doubt that the minimum could be fixed at a month, or for a longer period than a day.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Levis_

Glenn R. Levis
Assistant

GRL:db

APPROVED SEP 26, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN